815 F.2d 705
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon E. RODMAN, Plaintiff-Appellant,
v.
Willard C. AEH; Paul Zeches; G. McClain; James Rice;
Walt Dillard; Walter Lessun, Jr.; Homer Friend;
Donald E. Keels; Carl Humphreys,
Defendants- Appellees.
 No. 86-3508.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, an inmate at the Hocking Correctional Facility in Nelsonville, Ohio, appeals from an order granting summary judgment and dismissing his civil rights action. Plaintiff filed this action under 42 U.S.C. Sec. 1983 alleging constitutional violations in connection with a search of his prison cell and a subsequent disciplinary conviction for possession of contraband. Plaintiff refused service of defendants' answer and motion for summary judgment. Subsequently, the district court granted defendants' motion and dismissed plaintiff's action. This appeal followed.
 
 
 3
 Plaintiff alleges that his constitutional rights were violated through an unreasonable search of his prison cell and seizure of items found in that search. Plaintiff has failed to allege a constitutional violation, however, because he has no reasonable expectation of privacy in his prison cell. Hudson v. Palmer, 468 U.S. 517, 527 (1984). Furthermore, plaintiff has failed to plead and prove that the post-deprivation tort remedies available to him under Ohio law are inadequate as required by Parratt v. Taylor, 451 U.S. 527 (1981) and Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 469 U.S. 834 (1984).
 
 
 4
 Finally, plaintiff failed to state a due process violation in his subsequent disciplinary proceeding. Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff received advance notice of the alleged rule violation. He received a written report from the Rules Infractions Board outlining the evidence relied on and the reasons for the action taken, and he was given an opportunity to present his case but chose to invoke the Fifth Amendment.
 
 
 5
 For these reasons, the district court properly granted summary judgment and dismissed plaintiff's complaint. Because the questions upon which this case depends are so unsubstantial as not to require further argument, we affirm. Rule 9(d)(3), Rules of the Sixth Circuit.